IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BERNARD JOHNSON, # 216638, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv707-MHT |
| | ) | (WO) |
| KARLA WALKER JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

State inmate Bernard Johnson ("Johnson") is before the court on a *pro se* petition for

writ of habeas corpus under 28 U.S.C. § 2254 filed on September 22, 2015.  Doc. No. 1.

Johnson challenges the constitutionality of his 2001 convictions in the Circuit Court of Dale

County, Alabama, for the offenses of first degree sodomy, § 13A-6-63, Ala. Code 1975;

attempted rape in the first degree, §§ 13A-6-61 and 13A-4-2, Ala. Code 1975; and third

degree assault, § 13A-6-22, Ala. Code 1975.  The trial court sentenced Johnson to 30 years

in prison for first degree sodomy, 20 years for attempted rape in the first degree, and one year

for third degree assault, all terms to run concurrently.  Because Johnson's § 2254 petition is

a successive habeas application filed without the required appellate court permission, it

should be denied and this case summarily dismissed.

**II.   DISCUSSION**

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is

filed in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."  28 U.S.C. § 2244(b)(3)(B) & (C).

Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found

the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

This court's records indicate that on December 17, 2009, Johnson filed a previous habeas petition under 28 U.S.C. § 2254 challenging the same convictions and sentence that he challenges in his current petition. *Johnson v. Giles, et al.*, Civil Action No. 1:09cv1149-TMH.   In that previous habeas action, this court denied Johnson relief and dismissed the case with prejudice on the ground that Johnson failed to file the § 2254 petition within the one-year limitation period in 28 U.S.C. § 2244(d). *Id.*, Doc. Nos. 13 & 15.  The final judgment in that case was entered by the district court on October 19, 2011. *Id.*, Doc. No. 16.

The denial of a § 2254 petition for untimeliness under § 2244(d) qualifies as an adjudication on the merits for purposes of successive petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of 28 U.S.C. § 2244(b)(1)-(3). *Murray v. Greiner*, 394 F.3d 78. 79 (2nd Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

Johnson has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Johnson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v.*

*State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11ᵗʰ Cir. 2001).  Consequently, the

instant petition for writ of habeas corpus should be denied and this case summarily

dismissed.  *Id*. at 934.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge

that:

(1) the § 2254 petition for writ of habeas corpus filed by Johnson (Doc. No. 1) be

DENIED; and

(2) this case be DISMISSED with prejudice in accordance with 28 U.S.C. §

2244(b)(1)-(3), as Johnson has failed to obtain the requisite order from the Eleventh Circuit

Court of Appeals authorizing a federal district court to consider his successive habeas

application.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate

Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any

objections to this Recommendation on or before October 13, 2015.  Any objections filed

must specifically identify the factual findings and legal conclusions in the Magistrate Judge's

Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections

will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a de novo determination by the District Court

of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE